UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY D. TURNER,

                Plaintiff,                            Civil Action No. 14-13213
                                                  Honorable Sean F. Cox
                                                      Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [11]

**I.**      **REPORT**

      **A.**      **Background**

Plaintiff Jeffrey Turner ("Turner") brings this action pursuant to 42 U.S.C. §405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). On September 2, 2014, this case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. (Doc. #4).

      **B.**      **Turner's Complaint**

Turner's application for DIB was denied initially, and again after a hearing before an Administrative Law Judge ("ALJ") in a January 25, 2013 written decision. (Doc. #1 at 33-55). Turner filed a request with the Appeals Council, asking it to review the ALJ's decision. On June 11, 2014, the Appeals Council mailed a notice to Turner, advising him that it had denied his request for review, and explaining, "This means that the [ALJ's] decision is the final decision of the Commissioner of Social Security in your case" (the "Notice"). (*Id.* at 5-7). The Notice

explained:

- You have 60 days to file a civil action (ask for court review)

- The 60 days start the day after you receive this letter. **We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.**

(*Id.* at 6 (emphasis added)).

Thus, counting from the Notice's June 11th date, Turner was put on notice that, unless he showed otherwise, he had until Friday, August 15, 2014, to file his complaint. However, Turner did not file his complaint until Tuesday, August 19, 2014. (Doc. #1). Although §405(g) permits the Commissioner to extend the 60-day limitation period, there is no indication in the record that Turner sought such an extension.

### C.     The Commissioner's Motion to Dismiss

On April 15, 2015, the Commissioner filed a motion to dismiss Turner's complaint, arguing that it was untimely filed. (Doc. #11). On April 16, 2015, this Court issued an Order Requiring Response to Defendant's Motion to Dismiss, indicating that the deadline for Turner's response to the Commissioner's motion was May 11, 2015. (Doc. #12). On May 21, 2015, when Turner had not filed a response to the Commissioner's motion, the Court issued an order directing Turner to show cause, in writing, on or before June 8, 2015, why this Court should not recommend that his complaint be dismissed due to his failure to file a response to the Commissioner's motion to dismiss. (Doc. #13). When Turner failed to respond to the Court's Order to Show Cause, given his *pro se* status and the nature of his alleged impairments, the Court granted him one final opportunity to respond to the Commissioner's motion on or before June 29, 2015. (Doc. #14). In each of its Orders, the Court warned Turner that his failure to timely and adequately respond to the Commissioner's motion may result in a recommendation that that motion be granted. (Docs. #12, 13, 14). To date, however, Turner has not filed a

2

response to the Commissioner's motion and, thus, it is unopposed.

**D.    Analysis**

Section 405(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.**

42 U.S.C. §405(g).  The term "mailing" in this statute has been interpreted by the Commissioner to mean the date an individual receives notice of the Appeals Council's decision (or in this case, denial of a request for review).  *See* 20 C.F.R. §§404.981, 422.210(c).  However, the regulations further provide:

> For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing[1] to the contrary.

20 C.F.R. 411.210(c) (footnote added).

This resulting 65-day statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).  Courts strictly construe the statute of limitations in Social

---

[1] Case law makes clear that the "reasonable showing" requirement is not satisfied by a claimant's mere assertion, even in a sworn affidavit, that he received the Commissioner's notice after the five-day presumptive receipt date.  *See, e.g., Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (sworn word alone insufficient to rebut statutory presumption); *Garcia v. Comm'r of Soc. Sec.*, 53 F. App'x 192, 193-94 (3d Cir. 2002) (affidavits filed by plaintiff and attorney insufficient).  Rather, the claimant must present actual evidence showing that he received the notice after that "grace period."  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007). Here, Turner has offered no such evidence whatsoever.

Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Zampella v. Barnhart*, 2004 WL 1529297, at *2 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal"). Here, Turner is deemed to have received the Notice no later than June 16, 2014, making his complaint due on August 15, 2014. Thus, the Commissioner is correct that Turner's complaint, filed on August 19, 2014, is untimely.

Although not argued by Turner, the Court notes that equitable tolling may be applied to extend the limitation period under appropriate circumstances. Equitable tolling generally "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Turner bears the burden of establishing the exceptional circumstances that warrant equitable tolling. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008).

In determining whether to grant equitable tolling, courts consider the following factors: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Cook*, 480 F.3d at 437. In this case, Turner has not filed any response to the Commissioner's motion to dismiss indicating a lack of notice or knowledge of the filing requirements, and an analysis of the foregoing five factors favors not granting equitable tolling.

The Appeals Council's notice clearly sets forth the requirements for filing a civil action, including the deadline, and further informs Turner of the ability to seek an extension of the deadline.  (Doc. #1 at 5-7).  Therefore, the first and second factors weight against Turner. Moreover, there is no indication that Turner contacted the Appeals Council to request an extension of time (or otherwise diligently pursued his rights).[2]  And, finally, while generally a four-day delay in filing may cause little prejudice to a defendant, as the Sixth Circuit has stated, "… we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."  *Cook*, 480 F.3d at 437.  Thus, even if Turner had made an argument for equitable tolling, it should not be applied under the circumstances.

## II.    RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the Commissioner's Motion to Dismiss **[11]** be **GRANTED**.

Dated: July 30, 2015                              s/David R. Grand
Ann Arbor, Michigan                           DAVID R. GRAND
                                                           United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any

---

[2] The Court notes that, in a previous filing, Turner indicated that he "was incarcerated on August 28, 2104 [sic] and was not released until January 28, 2015."  (Doc. #8 at 1).  Because Turner's complaint was due on or before August 15, 2014, however, the fact that he was incarcerated *after* that deadline does not explain his lack of diligence.

further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager